UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LYNETTE BELFORD,

    Plaintiff,

v.                                  Case No:   6:15-cv-1768-Orl-28TBS

HEALTH CARE CENTER FOR THE
HOMELESS, INC., CHIANTA LINDSEY
and VICTORIA WRIGHT,

    Defendants.

## ORDER

Pending before the Court is Plaintiff's Motion for Default (Doc. 4). Plaintiff "moves for the entry of a default against Defendant Chianta Lindsey (Id. at p. 1). Plaintiff represents that "Coalition for the Homeless failed to file any paper on the undersigned, or file any paper in a timely manner as required by law" and that "Chianta Lindsey was served on May 27, 2015," but "[n]othing was received until July 2, 2015." (Id.).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P. 55(a). Before the clerk may enter default, it must be determined that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." Kelly v. Florida, 233 F. App'x 883, 885 (11th Cir. 2007). The

federal rules provide that service on an individual can be made by any manner accepted in the state where the district court is located[1] or where service is made or by

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e).

Plaintiff has not demonstrated effective service on Defendant Chianta Lindsey. Plaintiff's Affidavit of Service represents that the "corporate – registered agent" for "Chianta L. Lindsey Coalition for the Homeless, R/A Brent Trotter" was "served by delivering a true copy of the summons and complaint with exhibits … to Brent Trotter as Registered Agent" on May 27, 2015 (Doc. 1-4, p. 99 (emphasis omitted)). Chianta Lindsey is an advanced registered nurse practitioner who is apparently employed by Defendant Health Care Center for the Homeless, Inc.,[2] and who provided care to Plaintiff (See Doc. 2). Nothing in the rules permits service on an individual by delivering a copy of the summons and complaint to the registered agent of the individual's corporate employer. The Court also notes that Plaintiff's Motion for Default was filed after Lindsey's counsel entered an appearance and moved for an extension of time to respond to the complaint (Doc. 1-4, pp. 132-36), Plaintiff's motion is not accompanied by a memorandum of supporting legal authority as required by M.D. FLA. R. 3.01(a), and Plaintiff filed an amended complaint after moving for an entry of default on the original

---

[1] In Florida, service of process on an individual is "made by delivering a copy of it to the person to be served with a copy of the complaint, petition, or other initial pleading or paper or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." FLA. STAT. § 48.031(1)(a). Service of process on a person outside of the state shall be made in the same manner. FLA. STAT. § 48.194(1).

[2] Health Care Center for the Homeless, Inc., was substituted as a defendant for Coalition for the Homeless on July 28, 2015 (Doc. 1-4, p. 105).

complaint (Doc. 2).    For all of these reasons, Plaintiff's Motion for Default (Doc. 4) is **DENIED**.

      **DONE** and **ORDERED** in Orlando, Florida on October 22, 2015.

                                          THOMAS B. SMITH
                                          United States Magistrate Judge

Copies furnished to Counsel of Record