**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

LYNETTE BELFORD,
      Plaintiff,

v.     Case No: 6:15-cv-1768-Orl-28TBS

HEALTH CARE CENTER FOR THE
HOMELESS, INC., CHIANTA LINDSEY
and VICTORIA WRIGHT,
      Defendants.

## ORDER

This case is before the Court on the Motion to Substitute United States as Defendant and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 11) filed by the United States. Plaintiff responded to the motion, (Doc. 14), and with permission of the Court, (see Docs. 18 & 19), the United States filed a Reply (Doc. 20). As set forth below, the motion must be granted in all respects.

**I.     Background**

On April 19, 2015, Plaintiff filed this action in state court, alleging claims of negligence against Defendants Health Care Center for the Homeless, Inc. ("Health Care Center"), Chianta Lindsey, and Victoria Wright. In her First Amended Complaint, Plaintiff states that she was a patient of Health Care Center and was treated there by Lindsey and Wright. (Doc. 2 ¶¶ 4-5). Plaintiff claims that Defendants were negligent in their treatment of her, leading to progression of breast cancer. (Id. ¶¶ 6-9).

On October 20, 2015, Defendants removed the case to this Court pursuant to 28 U.S.C. § 1442(a)(1), which provides for removal of cases against federal officers and agencies, and 42 U.S.C. § 233(c) and 28 U.S.C. § 2679(d)(2)—provisions of the Federally

Supported Health Centers Assistance Act ("FSHCAA") and the Federal Tort Claims Act ("FTCA"), respectively. In the Notice of Removal, Defendants explain that Defendant Health Care Center is a federally supported health center; that Defendants Lindsey and Wright were at all relevant times full-time employees of Health Care Center; and that under the FSHCAA, the FTCA provides the exclusive remedy for claims against federally-supported health care centers and their employees. (Doc. 1 ¶ 2); see 42 U.S.C. § 233(a).[1]

The FSHCAA provides for removal of cases brought against such defendants upon "certification by the Attorney General that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c). The FTCA contains a nearly identical provision. See 28 U.S.C. § 2679(d)(2). Defendants attached an Attorney General certification to their Notice of Removal. (See Doc. 1-2). Plaintiff has not challenged the propriety of removal. The United States now moves to substitute the United States as the sole Defendant in this case and to dismiss the First Amended Complaint for lack of subject-matter jurisdiction, arguing that Plaintiff did not exhaust her administrative remedies before filing suit.

II. Discussion

A. Substitution

As earlier noted, pursuant to the FSHCAA the exclusive remedy for the allegedly

---

[1] This subsection provides:

The remedy against the United States provided by [the FTCA] for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee . . . whose act or omission gave rise to the claim."

2

negligent conduct of Defendants is provided by the FTCA. See 42 U.S.C. § 233(a). And, under the FTCA, actions such as this case "shall be deemed to be an action or proceeding brought against the United States under the provisions of [Title 28 of the United States Code] and all references thereto, and the United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). Under these provisions, substitution of the United States in the place of the Defendants is mandated here, and in her Response (Doc. 14) Plaintiff makes no argument against that substitution. Thus, the motion will be granted as to substitution.

     B.    **Dismissal for Lack of Subject-Matter Jurisdiction**

A claim may not be brought under the FTCA "for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing." 28 U.S.C. § 2675(a). Compliance with the requirements of § 2675(a) "is jurisdictional and cannot be waived." Barnett v. Okeechobee Hosp., 283 F.3d 1232, 1237 (11th Cir. 2002) (internal quotation and citation omitted); accord Burchfield v. United States, 168 F.3d 1252, 1254-55 (11th Cir. 1999) ("A district court only has jurisdiction over an FTCA action if the plaintiff has met section 2675(a)'s requirements."); Suarez v. United States, 22 F.3d 1064, 1065 (11th Cir. 1994) ("A federal court may not exercise jurisdiction over a suit under the FTCA unless the claimant first files an administrative claim with the appropriate agency.").

Here, Plaintiff admits that she did not file an administrative claim before bringing this action. (See Doc. 14 at 3). Because she did not, this case must be dismissed for lack of subject-matter jurisdiction.

In opposing the motion to dismiss, Plaintiff argues for equitable tolling of the FTCA statute of limitations, but this argument misses the mark. Matters pertaining to the statute of limitations or equitable tolling are not before the Court at this time. Instead, the Court is faced with a meritorious motion to dismiss for lack of subject-matter jurisdiction, and equitable tolling would not provide the Court with jurisdiction over this case. Because "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies," McNeil v. United States, 508 U.S. 106, 113 (1993), this case must be dismissed.[2]

### III. Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. The Motion to Substitute United States as Defendant and Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. 11) filed by the United States is **GRANTED**. Pursuant to 28 U.S.C. § 2679(d)(2), the United States is hereby **substituted** as the Defendant in this case in the place of Health Care Center for the Homeless, Inc., Chianta Lindsey, and Victoria Wright. The Clerk shall make this substitution on the docket.

2. This case is **DISMISSED** for lack of subject-matter jurisdiction due to Plaintiff's failure to exhaust administrative remedies prior to filing suit.

3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida, on January 5, 2016.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record

---

[2] The Court makes no finding as to whether an administrative claim would now be time-barred or whether any statute of limitations or other time limit should be equitably tolled. Again, those issues are not before this Court, which lacks jurisdiction over this case.